FRED S. EVERETT, RELATOR, v. FIRST BAPTIST CHURCH OF SUSSEX, NEW JERSEY, RESPONDENT.

Submitted May 10, 1928—Decided June 22, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the relator, *King & Vogt*.

For the respondent, *Levi H. Morris*.

PER CURIAM.

Relator was a member and a deacon of the respondent church, a corporation of this state, and not a member of or affiliated with any organization of Baptist churches having jurisdiction over it, and from whose acts and proceedings there is no appeal to any higher ecclesiastical tribunal.

At a church meeting held on December 9th, 1925, relator's name was stricken from the rolls of the church and he now has a rule to show cause why an alternative or peremptory writ of *mandamus* should not issue requiring the respondent to reinstate him.

Courts of law will interpose to control the proceedings of ecclesiastical bodies where a right of property is involved, but with respect to the spiritual and temporal acts of the church, not affecting the civil rights of individuals or the property of the corporation, the ecclesiastical courts and governing bodies of the religious society have exclusive jurisdiction and their

decisions are final. *Livington* v. *Trinity Church,* 45 *N. J. L.* 230; *Jennings* v. *Scarborough,* 56 *Id.* 401; *Nance* v. *Busby,* 91 *Tenn.* 303; 15 *L. R. A.* 801.

In the matter before us, no civil right or right of property being involved, the action of the respondent should not be interfered with, and, therefore, the writ of *mandamus* is denied and the rule to show cause is discharged.